UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dustan Allen Jones, et al., | Civil No. 11-568 (SRN/FLN) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| Brown County Family Services, et al., | |
| Defendants. | |

Dustan A. Jones and Ashley A. Jones, *pro se* Plaintiffs.
James R. Andreen for Defendants.

**THIS MATTER** came before the undersigned United States Magistrate Judge on May 26, 2011 on Plaintiffs' Motion for Remand (ECF No. 3) and Defendants' Motion to Dismiss (ECF No. 10.). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that Defendants' motion be **GRANTED** and Plaintiffs' motion be **DENIED**.

## I.   BACKGROUND

Plaintiffs' original Complaint in this action asserts multiple claims against Brown County Family Services as well as various individuals employed by Child Protection and the Brown County Attorney's Office. The Complaint includes claims under 28 U.S.C. 1983 for violations of Plaintiffs' constitutional rights, a claim for "Violation of Family Privacy Rights Under US Constitution," and various claims under Minnesota state law. (Compl. ¶¶ 5-10, 24-29.) On February 7, 2011, the receptionist for the Department of Family Services for Brown County received Plaintiffs' Complaint

1

by mail. (ECF No. 12, Andreen Aff. ¶ 2.) At about the same time, a copy of the Complaint was received via certified mail by the Brown County Attorney's Office and signed for by the receptionist. *Id.* On March 4, 2011, Defendants removed this case to federal court, citing Plaintiffs' allegations of violations of the United States Constitution. (ECF No. 1.) On March 11, 2011, Plaintiffs filed an Amended Complaint, which does not contain any federal causes of action. (ECF No. 6.) Plaintiffs now move to remand. (ECF No. 3.) Defendants move to dismiss for insufficient service of process. (ECF No. 10.)

## II.   LEGAL ANALYSIS

### A.   Plaintiffs' Original Complaint Must Be Dismissed For Insufficient Service of Process

Under Federal Rule of Civil Procedure 12(b)(5), improper service of process may be grounds for dismissal. Fed. R. Civ. P. 12(b)(5). In this case, none of the defendants have been properly served. First, with regard to the county agency defendants, neither the Brown County Attorney's Office nor the Brown County Family Services Department are entities that can be sued. *See Hyatt v. Anoka Police Dep't*, 700 N.W.2d 502, 505 (Minn. Ct. App. 2005) (holding that under Minnesota law, "[w]hile a municipal corporation such as the city has the authority to sue and be sued, its departments have not been given that specific authority"). Even if the Court were to construe this as a suit against Brown County, which is subject to suit, Plaintiffs have not properly served Brown County. Under Minnesota law, a plaintiff must serve a defendant county by delivering a copy of the summons and complaint to the chair of the county board or to the county auditor. Minn. R. Civ. P. 4.03(e)(1). Here, Plaintiffs' only attempt at serving the Complaint was by mailing it to the Brown County Attorney's Office and the Brown County Family Services Department. Plaintiffs have not properly served the defendant county agencies.

With regard to the individual defendants, under Minnesota Law service may be effectuated "by delivering a copy [of the summons and complaint] to the individual personally or by leaving a copy at the individual's usual place of abode with some person of suitable age and discretion then residing therein." Minn. R. Civ. P. 4.03(a). The only attempt at service upon the individual defendants in this case was by mailing a copy of the summons and complaint to the county offices in which these defendants work. These mailings did not constitute service by mail, as the mailings did not include two copies of Form 22, or a substantially similar notice and acknowledgment form, as required by Minnesota law. Minn. R. Civ. P. 4.05. Plaintiffs failed to meet the requirements for service upon an individual. Plaintiffs claims should be dismissed for insufficient service of process.

### B. Plaintiffs' Motion to Remand Should be Denied

Plaintiffs move the Court to remand this case based upon their Amended Complaint, which contains no federal causes of action. Plaintiffs served the Amended Complaint upon Defendants' counsel. (Andreen Aff. ¶ 4; ECF No. 18, Pls' Br. Resp. Def. Mot. Dismiss at 2.) This method of service is proper for pleadings subsequent to the original complaint. Minn. R. Civ. P. 5.01. However, because Defendants were never properly served with Plaintiffs' original Complaint, this action has never been properly commenced. *See* Minn. R. Civ. P. 3.01 ("A civil action is commenced against each defendant: (a) when the summons is served upon that defendant . . ."). Plaintiffs cannot rectify their failure to properly serve the original Complaint by serving an Amended Complaint upon Defendants' counsel. Because no Complaint was ever properly served upon Defendants, and in light of this Court's recommendation that this action be dismissed, Plaintiffs' motion to remand should be denied.

### III.   RECOMMENDATION

CASE 0:11-cv-00568-SRN-FLN Document 23 Filed 06/30/11 Page 4 of 4

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1) Defendants' Motion to Dismiss (ECF No. 10) be **GRANTED**;

2) This action be dismissed without prejudice;

2) Plaintiffs' Motion to Remand (ECF No. 3) be **DENIED**;

DATED: June 29, 2011                             *s/ Franklin L. Noel*
                                                 FRANKLIN L. NOEL
                                                 United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 14, 2011**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **July 14, 2011,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.

4