UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Dustan Allen Jones, Ashley Ann Jones, themselves and on behalf of I.R.S. (minor),** | Civil No. 11-CV-568 (SRN/FLN) |
| Plaintiffs, | MEMORANDUM AND ORDER |
| v. | |
| **Brown County Family Services, State of Minnesota, with persons acting under color of law: Stacey Helget on behalf of Child Protection, Rachel Swenson on behalf of Child Protection, Jackie Nesvold on behalf of Child Protection, Tom Sandberg on behalf of Family Services/Child Protection, Denise Kuehn on behalf of Child Support, and Tricia M. Niebuhr-Lancaster on behalf of State of Minnesota/Brown County Attorney's Office,** | |
| Defendants. | |

Dustan Allen Jones and Ashley Ann Jones, P.O. Box 3219, Willmar, Minnesota 56201, pro se.

James R. Andreen, Erstad & Riemer, PA, 8009 34th Avenue South, Suite 200, Minneapolis, Minnesota 55425, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel dated June 29, 2011. In the R&R, the Magistrate Judge recommended that this Court grant Defendants' Motion to Dismiss and deny Plaintiffs' Motion to Remand. Plaintiffs timely filed objections to the R&R.

1

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R, grants the Motion to Dismiss, and denies the Motion to Remand.

## I.   BACKGROUND

On February 3, 2011, Plaintiffs filed a Complaint in Minnesota's Fifth Judicial District Court, alleging multiple claims against Brown County Family Services, individuals employed by Brown County Family Services, and an individual employed by the Brown County Attorney's Office. (Compl. at 1-7 [Doc. No. 1 attach. 1].) These claims included several state-law claims as well as federal claims in the form of civil rights violations under 28 U.S.C. § 1983, and what appears to be a Due Process Clause violation under the Fourteenth Amendment to the U.S. Constitution. (Compl. ¶¶ 5-10, 24-29.) The Complaint was then sent by certified mail and received on February 7, 2011, by a receptionist at the Department of Family Services for Brown County. The Brown County Attorney's Office also received a copy of the Complaint by certified mail at about the same time. (Andreen Aff. ¶ 2 [Doc. No. 12].) Neither mailing included a copy of a notice and acknowledgment form regarding service by mail that is required by Minnesota Rule of Civil Procedure 4.05. (Id. ¶ 3.)

On March 4, 2011, Defendants removed the case to this Court under 28 U.S.C. §§ 1441(b) and 1446. (Notice of Removal [Doc. No. 1].) Then, on March 11, 2011, Plaintiffs filed a Motion to Remand [Doc. No. 3], contemporaneously with an Amended Complaint [Doc. No. 6], which removed all of the federal-question claims that were included in the original Complaint. Defendants' attorney received a copy of the Amended Complaint on March 14,

2011, via mail and CM/ECF.  (Andreen Aff. ¶ 4.)  Defendants subsequently filed a Motion to Dismiss for insufficient service of process.  (Defs.' Mot. to Dismiss [Doc. No. 10].)

**II.     DISCUSSION**

Plaintiffs argue that the Magistrate Judge erred in recommending that Defendants' Motion to Dismiss be granted because they allege that Defendants were properly served; it was mere "human error" that they sued a department of Brown County and not Brown County itself; and because Defendants did not file an Answer to the Complaint, Plaintiffs had a right to amend the Complaint once as a matter of course.  (Pls.' Obj. at 1-2.)  Accordingly, Plaintiffs contend that the Court should grant their Motion to Remand.  (Id. at 3.)

Insufficient service of process is grounds for dismissal under the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(b)(5).  It is clear that process was not properly served in this case.  As the Magistrate Judge noted, "[w]hile a municipal corporation such as the city has the authority to sue and be sued, its departments have not been given that specific authority."  Hyatt v. Anoka Police Dep't, 700 N.W.2d 502, 505 (Minn. Ct. App. 2005) (citations omitted).  Thus, neither the Brown County Family Services Department nor the Attorney's Office may be sued.

Plaintiffs ask the Court to ignore the fact that they sued these two entities and change the caption to reflect their desire to sue Brown County.  Even were it to do so, the Court notes that Plaintiffs have still not properly served Defendants.  Indeed, service on a county must be effected "by delivering a copy . . . [t]o the chair of the county board or to the county auditor . . . ."  Minn. R. Civ. P. 4.03(e)(1).  Because Plaintiffs only attempted to serve departments within Brown County and not the county board chair or the auditor, service was improper in this case.  Moreover, Plaintiffs served the individually named Defendants by mailing

the Summons and Complaint to their place of work.  Such service is clearly defective under the Minnesota Rules of Civil Procedure.  Id. R. 4.03(a) (stating that, absent consent to another method of service, an individual must be served "by delivering a copy to the individual personally or by leaving a copy at the individual's usual place of abode with some person of suitable age and discretion then residing therein").

Plaintiffs, however, argue that because Defendants' attorney filed a certificate of representation only two days after the lawsuit was filed, Plaintiffs did not have a chance to properly serve Brown County.  Plaintiffs state that Defendants' attorney insisted that he was the attorney for all parties listed and for the "insured Brown County," and, therefore, both the Complaint and Amended Complaint were properly served.  (Pls.' Obj. at 2.)  Even if this argument had credence, in each instance where Plaintiffs attempted to serve Defendants they did so by mail; thus, the rules governing service by mail must be applied.  In Minnesota, service by mail is defective unless the summons and complaint are accompanied by two copies of a notice and acknowledgment form.  Minn. R. Civ. P. 4.05.  As noted above, Plaintiffs did not include this form; therefore, service of the original Complaint was improper.  And because Plaintiffs improperly served the original Complaint, this action was never properly commenced.  See R. 3.01.

## III.  CONCLUSION

Plaintiffs' suit must be dismissed for insufficient service of process, and their Motion to Remand must be denied.  **THEREFORE, IT IS HEREBY ORDERED THAT:**

   1. The Report and Recommendation [Doc. No. 23] is **ADOPTED**;
   2. Defendants' Motion to Dismiss [Doc. No. 10] is **GRANTED**;
   3. Plaintiffs' Motion to Remand [Doc. No. 3] is **DENIED**; and
   4. The Complaint is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   July 27, 2011                    s/Susan Richard Nelson
                                          SUSAN RICHARD NELSON
                                          United States District Judge